IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,            )
                                     )
        v.                           )
                                     )    1:25-cr-213 (LMB)
ANTONIO RUDY GONZALEZ,               )
                                     )
        Defendant.                   )

MEMORANDUM OPINION

After a one-day bench trial, the Court found the defendant Antonio Rudy Gonzalez ("Gonzalez" or "defendant") guilty of distributing child sexual abuse materials ("CSAM") and possessing CSAM in violation of 18 U.S.C. § 2252(a)(2) and (b)(2). This Memorandum Opinion supplements the oral findings of fact and conclusions of law announced at the conclusion of the bench trial.

I.

In July 2024, a grand jury indicted defendant Gonzalez with three counts related to CSAM. [Dkt. No. 19]. Specifically, in Counts 1 and 2 respectively, the indictment charged that on or about February 8, 2024, and on or about February 17, 2024, in the Eastern District of Virginia, Gonzalez "knowingly distribute[d] . . . a visual depiction . . . the production of which visual depiction involved the use of a minor engaging in sexually explicit conduct and which visual depiction was of such conduct" using means of interstate commerce, in violation of 18 U.S.C. § 2252(a)(2) and (b)(2). In Count 3, the indictment charged that from on or about January 28, 2024 to on or about May 1, 2024, Gonzalez "knowingly possess[ed] . . . at least one matter which contained any visual depiction . . . the production of [which] involved the use of a minor engaging in sexually explicit

conduct, and . . . involved a prepubescent minor who had not attained 12 years of age engaging in sexually explicit conduct" using means of interstate commerce, in violation of 18 U.S.C. § 2252(a)(2) and (b)(2).

Gonzalez subsequently waived his right to a trial by jury, stipulated to almost every fact, and consented to a bench trial, [Dkt. No. 31], which was held on September 17, 2025. Given the stipulations, the only fact that was contested was whether defendant was the person who distributed and possessed the CSAM at issue.

## II.

The Government's evidence consisted of numerous transcripts of private online conversations from a person using the Kik profile "lilgirllover39_5zi" ("lilgirllover39"), which included sexually explicit images and videos of children; the live testimony of Federal Bureau of Investigation ("FBI") Special Agents Matt Lariccia and Olivia Temrowski, who were involved in the investigation of this case, and Niles Livingston, Senior Manager of Child Safety and Law Enforcement Response at Medialab.ai Inc., which owns Kik; and a recorded interview of Gonzalez. The stipulation and evidence established that on February 8, 2024, a Kik user who identified as "lilgirllover39" had a direct chat with Kik user "damion_t.s.," in which "lilgirllover39" asked "damion_t.s." if he wanted to trade media content, and told "damion_t.s." that he was "only into kids[.]." [Ex. 14]. In the same exchange, "lilgirllover39" sent "damion_t.s." images of child erotica, depicting children in a suggestive manner, as well as a 48 second video depicting a child performing oral sex on a penis. Id. The defendant did not dispute that the child in this video was a prepubescent child under the age of 12. On February 17, 2024, "lilgirllover39," in a direct chat with Kik user "scottkerry," asked "scottkerry" if he wanted to trade ("trd"), and then sent "scottkerry" multiple images and videos of sexually explicit content involving children,

including the same 48 second video he had sent to "damion_t.s." on February 8, 2024, and other content of exposed nude children in sexually explicit settings. [Ex. 15].

The defendant did not dispute that the content sent by "lilgirllover39" on February 8, 2024, and on February 17, 2024, were "visual depiction[s] involv[ing] the use of a minor engaging in sexually explicit conduct" in violation of 18 U.S.C. § 2252(a)(2) and (b)(2). Similarly, there is no dispute that the Kik user "lilgirllover39" possessed visual media of minors engaging in sexually explicit conduct, including that of a prepubescent minor under the age of 12, in violation of 18 U.S.C. § 2252(a)(2) and (b)(2), as evidenced by the 48 second video "lilgirllover39" sent to "damion_t.s." and "scottkerry" in February 2024. Additional messages sent by "lilgirllover39" to other Kik users on February 3, 2024, [Ex. 19], and on February 7, 2024, [Ex. 18], provided further support for the possession element, as "lilgirllover39" admitted to having visual media of minors engaging in sexually explicit conduct in "secret folders."[1] Finally, there is no question that interstate facilities were used, as "lilgirllover39" used the online messaging app Kik to send the content at issue. "Use of the Internet, particularly Internet chat rooms, necessarily involves interstate communications and therefore constitutes the 'use of a facility of interstate commerce.'" United States v. Kaye, 451 F. Supp. 2d 775, 782 (E.D. Va. 2006), aff'd, 243 F. App'x 763 (4th Cir. 2007) (citing United States v. Hornaday, 392 F.3d 1306, 1311 (11th Cir. 2004)).

As to whether Gonzalez was the person using the username "lilgirllover39" in these Kik exchanges, the Government produced overwhelming circumstantial evidence to prove that defendant was the user. First was the similarity between "lilgirllover39" to a previous username defendant admitted using in the past. Second was a string of evidence starting with Kik's response

---

[1] Both parties have stipulated that the Kik records produced in response to the search warrant for content and subscriber records associated with Kik user "lilgirllover39" are authentic. [Dkt. No. 47].

3

to the Government's subpoena. The information produced by Kik in response to a Government subpoena showed that the "lilgirllover39" account was created by someone identified as "James White" with the email "the.james.white38@gmail.com." The Kik witness testified that Kik does not verify the accuracy of subscriber information provided by users. [See Ex. 5].

After receiving the email address for James White, the Government subpoenaed Google for information related to the email account and received login IPs[2], which it then used to subpoena T-Mobile. The T-Mobile subpoena returned an MSISDN name of "Anthony Hernandez" and a telephone number that had 41 contacts between January 4, 2024 and May 8, 2024 with TalkToMe.com, a telephone sex line. A subpoena to TalkToMe.com for information about the telephone number produced by T-Mobile revealed the user to be an "Antonio Gonzalez" with the username "lilpedocock," as well as a personal email address with the same login IPs as that of the.james.white38@gmail.com. In addition, T-Mobile produced credit card information and a billing address of 517 S. Fayette Street, Alexandria, VA 22314. A final subpoena to USAA confirmed that the credit card information and billing address traced to Gonzalez. [Ex. 13].

The Government also offered testimony from Agent Temrowski, who described that during her interview with Gonzalez, he admitted to using the username "lilgirllover" in an online chat in the past. The Government also offered evidence of a voice memo that "lilgirllover39" sent to another Kik user to show voice similarity with Gonzalez's interview. See [Exs. 21, 21A, 21B]. Lastly, in a Kik message sent by "lilgirllover39" on January 31, 2024, "lilgirllover39" identified himself as "Anthony[.]" [Ex. 23].

---

[2] 2607:fb90:ea9c:241a:2482:e5ff:feel:b18c and 2607:fb91:14af:4042:24b4:9bff:fe2c:49cc. [Ex. 13].

4

The defense argued that the Government failed to prove beyond a reasonable doubt that Gonzalez was the person using the Kik profile "lilgirllover39," asserting that the Government's case was built on inferences drawn from insufficient circumstantial evidence. Defense counsel emphasized that the device used by "lilgirllover39" was never recovered. Furthermore, defense counsel called Pascual Velarde, an investigator employed by the Federal Public Defender Office, who testified that he tried to open a Kik account with the username "lilgirllover," followed by the numbers 01-89, and found that he could not open accounts with any of those usernames. Defense counsel asserted that though Gonzalez admitted to using a similar username to "lilgirllover39" in the past during his interview with Agents Lariccia and Temrowski, Gonzalez did not recall using the number "39" and did not know what number was added at the end. Defense counsel also argued that Kerry Sipult, Gonzalez's roommate, was a registered sex offender who had previously pleaded guilty in January 2019 to receipt of CSAM, in violation of 18 U.S.C. §§ 2252(a)(2) and (b) and 2256(1) and 2. The defense tried to cast reasonable doubt on the Government's case by asserting that Sipult could have had access to Gonzalez's information, and because he shared Gonzalez's sexual interests, he could have been the real user of "lilgirllover39." [See Def. Exs. 1A, 1B, 1C].

Based on the evidence presented at trial, the Court found beyond a reasonable doubt that Gonzalez was the user of "lilgirllover39." Although the Government's case relied largely on circumstantial evidence, "a conviction may rely entirely on circumstantial evidence," United States v. Bonner, 648 F.3d 209, 213 (4th Cir. 2011) (citing United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008)), as long as the Court is "satisfied that there is 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt[,]'" id. (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). The Government's evidence collected from its chain of subpoenas provided overwhelming

circumstantial evidence that connected "lilgirllover39" to Gonzalez, and this finding is further supported by the uniqueness of the username, and Gonzalez's admitted use of a similar username in the past.

III.

Because the evidence established all the elements of 18 U.S.C. § 2252(a)(2) and (b)(2) beyond a reasonable doubt, the Court found Gonzalez guilty of all three counts.

Entered this 24th day of March, 2026.

Alexandria, Virginia

/s/ _____

Leonie M. Brinkema
United States District Judge

6